# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2100

_____

Calvin C. Hollowell,                          *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   Eastern District of Arkansas.
Lawrence Johnson, Chief, Little Rock          *
Police Department; Odistene Fuller,           *      **[UNPUBLISHED]**
Sgt., Little Rock Police Department;          *
James G. Johnson, Jr., Officer, Little        *
Rock Police Department; Domikia               *
Barnum, Officer, Little Rock Police           *
Department; Troy D. Ellison, Officer,         *
Little Rock Police Department;                *
Robinette D. Terry, Officer, Little Rock      *
Police Department; Lee A. Munson,             *
Little Rock Municipal Judge,                  *
                                              *
            Appellees.                        *

_____

Submitted: September 4, 2002
     Filed: September 12, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Calvin Hollowell brought this 42 U.S.C. §§ 1983, 1985, and 1986 action against Little Rock, Arkansas Police Chief Lawrence Johnson, several police officers, and Municipal Judge Lee Munson. He alleged violations of the Due Process and Equal Protection Clauses, and the First, Fourth, Fifth, and Fourteenth Amendments, arising from his arrest and citation for patronizing a prostitute (as to which he eventually was acquitted). The district court[1] dismissed Judge Munson on the basis of judicial immunity, and granted summary judgment for the remaining defendants. The district court also denied Hollowell's motion to join two additional police officers. He appeals, and upon careful review of the record, we affirm.

Judge Munson, who presided over the municipal court trial at which Hollowell initially was found guilty, was entitled to judicial immunity, because conducting a trial is a judicial function. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Additionally, summary judgment was appropriate because: (1) violations of state law do not state a constitutional claim, see Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996); (2) the officers had probable cause to arrest Hollowell, see Smithson v. Aldrich, 235 F.3d 1058, 1062 (8th Cir. 2000); and (3) there was no constitutional violation underlying his failure-to-train and conspiracy claims, see Genosky v. Minnesota, 244 F.3d 989, 992-93 (8th Cir. 2001); Brandon v. Lotter, 157 F.3d 537, 539 (8th Cir. 1998); Schulz v. Long, 44 F.3d 643, 650 (8th Cir. 1995). Finally, the district court did not abuse its discretion in denying Hollowell's motion to join parties.

Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The HONORABLE G. THOMAS EISELE, United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.